# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| McGRIFF SEIBELS & WILLIAMS, INC., | } | |
| | } | |
| Plaintiff, | } | |
| | } | |
| v. | } | Case No.: 2:19-cv-1196-ACA |
| | } | |
| PAUL SPARKS, DARREN SONDERMAN, DAVID McMAHAN, JOHN TANNER, and J. GREGORY McCOLLISTER, | } | |
| | } | |
| Defendants. | } | |

## MEMORANDUM OPINION AND TEMPORARY RESTRAINING ORDER

This case is before the court on Plaintiff McGriff, Seibels & Williams, Inc.'s ("MSW") motion for a temporary restraining order. (Doc. 12). Defendants Paul Sparks, Darren Sonderman, David McMahan, John Tanner, and J. Gregory McCollister previously worked for MSW as executives in MSW's Financial Services Division. Defendants now work for an MSW competitor.

MSW alleges in its amended verified complaint that Defendants have breached the terms of their employment agreements by soliciting MSW clients and employees and that they have interfered with MSW's business relationships as a result. MSW asserts claims against Defendants for breach of contract, tortious

interference with business relations, breach of fiduciary duty, and conspiracy to interfere with business relations.

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, MSW seeks a temporary restraining order enjoining Defendants from using MSW's confidential, proprietary or trade secret information; soliciting MSW's clients and employees; interfering with MSW's business relationships; and destroying electronic devices and data. (Doc. 12 at 9). Defendants did not file a substantive response in opposition to MSW's request for temporary injunctive relief. Instead, Defendants filed a motion to dismiss, or alternatively, motion to stay, asking the court to abstain from exercising jurisdiction over this case pending resolution of parallel litigation in Georgia state and federal court. (Doc. 16). The court declines Defendants' invitation and **DENIES** Defendants' motion.

For the reasons stated on the record during an August 14, 2019 hearing and for the reasons explained below, the court **GRANTS IN PART** and **DENIES IN PART** MSW's request for a temporary restraining order. (Doc. 13). With respect to Defendants Sparks, Sonderman, and McCollister, the court **GRANTS** MSW's motion to the extent MSW seeks to enjoin these Defendants from soliciting MSW's clients and employees and from interfering with MSW's business relationships. The court **DENIES** MSW's motion as it relates to other forms of relief against Sparks, Sonderman, and McCollister. The court also **DENIES**

MSW's motion with respect to Defendants Tanner and McMahan because at this stage, Plaintiffs have not advanced substantive allegations against these Defendants.

Temporary injunctive relief "is an extraordinary remedy." *Bloedorn v. Grube,* 631 F.3d 1218, 1229 (11th Cir. 2011). To prevail on an application for a temporary restraining order, a plaintiff must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005).

With respect to the first prong, MSW need only demonstrate a likelihood of success on the merits with respect to one of its claims. *See Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1289, app. at 1298 (11th Cir. 2005) ("Once again the critical issue is whether Plaintiffs have established a substantial likelihood of success on the merits of any one of Counts Six through Ten.") (quoting *Schiavo ex rel. Schindler v. Schiavo*, 2005 U.S. Dist. LEXIS 4609, at *3 (M.D. Fla. Mar. 25, 2005)); *United States v. Jenkins,* 714 F. Supp. 2d 1213, 1220 (S.D. Ga. 2008) ("In order to demonstrate that it is likely to prevail on the merits, Plaintiff need only demonstrate the likelihood of prevailing on one cause of action."). MSW has

demonstrated a likelihood of success on the merits of its tortious interference with business relations claim.[1]

To establish tortious interference with business relations, a plaintiff must prove: "1) the existence of a contract or business relation; 2) the defendant's knowledge of the contract or business relation; 3) intentional interference by the defendant with the contract or business relation; 4) the absence of justification for the defendant's interference; and 5) damage to the plaintiff as a result of the interference." *Tom's Foods, Inc. v. Carn*, 896 So. 2d 443, 453 (Ala. 2004) (quotation marks omitted).

MSW alleges that Defendants Sparks, Sonderman, and McCollister were aware of MSW's various business relationships because they had worked for MSW for years. (Doc. 11 at ¶¶ 3–4, 8, 13, 14, 23–24, 75, 88; Doc. 20-1). MSW alleges that Defendants intentionally interfered with those relationships without justification by soliciting MSW's clients and that MSW has been damaged as a result. (Doc. 11 at ¶¶ 71–76, 78, 89–90). Therefore, at this juncture, MSW has

---

[1] During the August 14, 2019 hearing, the only substantive argument that counsel for Defendants advanced in opposition to the temporary restraining order is that Georgia law renders the employment agreements at issue unenforceable. The employment agreements contain Alabama choice of law provisions. Therefore, the court is unclear why Georgia law would govern this court's analysis of the terms of the employment agreements. Nevertheless, because MSW can demonstrate a likelihood of success on the merits with respect to its tortious interference with business relations claim, the court need not determine at this stage whether a valid contract exists for purposes of MSW's breach of contract claim, and the court need not evaluate the likelihood of success on the merits of MSW's other claims.

demonstrated a likelihood of success on the merits of its tortious interference claim against Defendants Sparks, Sonderman, and McCollister.

MSW also has demonstrated that it will suffer irreparable harm in the absence of temporary injunction. "An injury is irreparable if it cannot be undone through monetary remedies." *Scott v. Roberts*, 612 F.3d 1279, 1295 (11th Cir. 2010) (quotation marks omitted). "Even when a later money judgment might undo an alleged injury, the alleged injury is irreparable if damages would be 'difficult or impossible to calculate.'" *Id.* (quoting *Fla. Businessmen for Free Enter. v. City of Hollywood*, 648 F.2d 956, 958 n.2 (5th Cir. Unit B June 1981)). MSW already has lost ten employees in less than one month based on the conduct alleged in the amended complaint, and at least three of MSW's clients have been solicited. (Doc. 11 at ¶¶ 71–73, 75, 77). It is impossible for the court to calculate monetary damages that would compensate MSW for the loss of good will and potential business that it otherwise might have retained but for the conduct alleged in the amended complaint.

The court also finds that the threatened injury to MSW outweighs any potential harm to the Defendants. This is particularly so in light of Defendants' counsel's representation to the court during the August 14, 2019 hearing that counsel has instructed Defendants not to violate the terms of the very MSW

employment agreements that are the subject of this lawsuit, pending decisions in the parallel Georgia litigation.

Finally, the court finds that a temporary restraining order under these circumstances is not adverse to the public interest.

Accordingly, the court **ORDERS** as follows:

**For a period of 14 days** from entry of this order, Defendants Sparks, Sonderman, and McCollister and those acting in concert with them are temporarily enjoined and restrained from:

(1)     directly or indirectly, on their own behalf or on behalf of their new employer, soliciting, making sales to, or attempting to procure business from any client or prospective client of MSW as identified in a list that MSW counsel will provide to counsel for Defendants;[2]

(2)     directly or indirectly soliciting or inducing any MSW employee to leave or to enter another business competitive with MSW; and

(3)     interfering with MSW's business relationships.

The court does not require MSW to post a bond. *See BellSouth Telecomm's, Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964, 971 (11th Cir. 2005) (recognizing that despite Rule 65's mandatory language that a bond is

---

[2] During the August 14, 2019 hearing, MSW's counsel appropriately requested that the list of clients be treated as confidential proprietary information. Counsel for Defendants may share the list with their clients. However, the parties shall not disclose the contents of the list to any non-party to this litigation.

required, the court may, in its discretion, require no security).  The court has set a hearing on MSW's request for a preliminary injunction for August 26, 2019.  (Doc. 19).  The court may revisit the issue of bond issue should it conclude that MSW is entitled to a preliminary injunction pending resolution of the merits of this case.

     **DONE** and **ORDERED** this August 15, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE