FILED

2019 Sep-20  PM 05:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| MCGRIFF SEIBELS & WILLIAMS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:19-cv-01196-ACA |
| | ) |
| PAUL SPARKS, DARREN SONDERMAN, DAVID McMAHAN, JOHN TANNER, and J. GREGORY MCCOLLISTER | ) ) ) ) |
| | ) |
| Defendants. | ) |

_____

## MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT
_____

COMES NOW, McGriff, Seibels & Williams, Inc., ("Plaintiff" or "MSW), and respectfully requests this Court's permission to amend its Second Amended Verified Complaint in accordance with this Court's September 10, 2019 order (Doc. 54), its order of September 19, 2019 (Doc. 58), and Federal Rule of Civil Procedure 15(a). A copy of the proposed amendment is attached as **Exhibit A**. As grounds for this motion, MSW asserts the following:

1.     MSW seeks leave to (1) address the Court's concerns stated at the Preliminary Injunction Hearing and September 10, 2019 Telephone Conference, (2) add an additional party, namely Cobbs Allen Capital, LLC ("CAC") and an

additional claim under the Defend Trade Secrets Act, and (3) and conform the pleadings to the record and the evidence.

2.      In general, the Federal Rules of Civil Procedure provide that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

3.      "Resolving a plaintiff's motion to amend is committed to the sound discretion of the district court, but that discretion is strictly circumscribed by Rule 15(a)(2) of the Federal Rules of Civil Procedure, which instructs that leave to amend should be freely give[n] when justice so requires." *City of Miami v. Citigroup Inc.*, 801 F.3d 1268, 1277 (11th Cir. 2015) (internal quotation marks omitted). "Because it should be freely given, a district court must generally give a justification if it denies leave to amend." *King v. Akima Glob. Servs., LLC*, No. 18-13535, 2019 WL 2404549, at *1 (11th Cir. June 7, 2019); *see also Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993) (noting that "a justifying reason must be apparent for denial of a motion to amend"). Thus, "unless substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Shipner v. E. Air Lines, Inc.*, 868 F.2d 401, 407 (11th Cir. 1989).

4.      This case stems from a corporate raiding of MSW's business.  Paul Sparks, the head of the Financial Services Division, was terminated on July 11,

2

2019. On or about July 19, 2019, MSW sent him a cease and desist letter. Disregarding the Alabama choice of venue provision in his employment agreement, three days after the cease and desist letter was emailed to him, Sparks filed suit in Cobb County, Georgia on July 22, 2019.

5.      On July 21, Sonderman, the leader of the FSD after Sparks, resigned. MSW sent a cease and desist letter to him on July 23 and he filed for a Temporary Restraining Order in Cobb County on July 25, 2019.

6.      On that same date, which was four days after Sonderman's resignation, July 25, 2019, MSW filed its original complaint. On August 13, 2019 (less than three weeks later), MSW filed an Amended Complaint adding an individual defendant, J. Gregory McCollister, and sought a Temporary Restraining Order against Sparks, Sonderman, McMahan, and Tanner (collectively "Defendants"). (Docs. 11 and 12).  On September 9, (ten days after the Preliminary Injunction Hearing) MSW tried to file its Second Amended Complaint.  The Court struck it and asked for this Motion.  It has now allowed MSW to supplement the Motion to Amend based upon additional information.

## Addressing the Court's Concerns

7.      During the hearing on the Motion for Temporary Restraining Order, the Preliminary Injunction Hearing and on the call of September 10th, the Court

4813-9006-5061 v.4

4813-9006-5061v5
5023063-101719 09/20/2019

has expressed concern over the pleadings relating to the misappropriation and use of MSW's confidential information/trade secrets.

8.     The facts, as before this Court, demonstrate that at least Sparks and Sonderman began working to establish a competing entity which ultimately became CAC Specialty while they were employed by MSW.  The evidence also demonstrates the individual Defendants are working for a competitor, CAC Specialty.  The evidence demonstrates all individual Defendants were highly paid executives of MSW and had access to the highest levels of MSW's trade secrets. Sonderman, McCollister, and Tanner have produced inventories and MSW documents.   All of the production to date confirms Sonderman, Tanner and McCollister retained confidential/trade secrets.  McMahan testified he has client contact information in his phone.   MSW considers that information to be confidential and a trade secret.  Sparks has retained his MSW phone.  As of this filing, Sparks and McMahan are scheduled to produce an inventory as of today. The parties are working through the inspection and destruction of electronic information through a protocol for Sonderman, Sparks and McMahan.

9.     MSW seeks to amend its Complaint to add the Defend Trade Secrets Act which permits injunctions for misappropriation of trade secrets and even "threatened misappropriation."  Other courts have granted preliminary injunctions in similar circumstances.  For example, in *Int'l Sec. Mgmt. Group, Inc. v. Sawyer*,

plaintiffs were granted a TRO requiring defendants to return all of plaintiffs' property in their possession. No. 3:06-CV-0456, 2006 WL 1638537, at *7 (M.D. Tenn. June 6, 2006). They complied with the TRO and returned it. Plaintiffs then moved to convert the TRO into a preliminary injunction. Despite that the information had been returned, the court granted the preliminary injunction prohibiting defendants from disclosing plaintiffs' business secrets, using plaintiffs' pricing information, soliciting or performing services for existing clients of plaintiff, and soliciting employees of plaintiff. *See Ayco Co., L.P. v. Feldman*, No. 1:10-CV-1213, 2010 WL 4286154, at *4 (N.D.N.Y. Oct. 22, 2010) (holding similarly on misappropriation claim and enforcement of non-compete agreement). In *L.B. Foster Co. v. Barnhart*, the court granted a preliminary injunction on plaintiff's breach of contract and misappropriation of trade secret claims despite that "Defendant has already agreed to return the information in question," essentially ordering enforcement of this agreement. No. 14-702, 2014 WL 11395182, at *3 (W.D. Penn. July 30, 2014); *Directors Fin. Group v. Savino*, No. SACV 17-00018-AG, 2017 WL 5634601, at *3 (C.D. Cal. Feb. 7, 2017) (granting preliminary injunction prohibiting defendants from disseminating or using confidential information, holding themselves out as affiliates of plaintiff, providing competitive services to customers learned of through employment with plaintiff,

4813-9006-5061 v.4

4813-9006-5061v5
5023063-101719 09/20/2019

and violating restrictive covenants, despite that defendants agreed to return confidential customer list that was misappropriated).

10.    "For purpose of determining reasonableness of noncompete covenant under Alabama law, protectable interests may exist where employee was provided access to valuable trade information or customer relationships during course of employment, particularly in fields where acquisition and protection of customer lists and regular clientele are of crucial importance." *Nationwide Mut. Ins. Co. v. Cornutt*, 907 F.2d 1085 (11th Cir. 1990). "Protectable interests may exist where the employee was provided access to valuable trade information or customer relationships during the course of employment." *Id.* at 1087 (citing *Calhoun v. Brendle, Inc.*, 502 So.2d 689, 692 (Ala.1986)).  It is undisputed these individuals had been provided valuable information and customer relationships.   The testimony reflects that at least one individual Defendant retained client contact information and McCollister, Tanner, and Sonderman have  produced highly confidential client information.   Under Alabama law, these are protectable interests.  It is likewise protected under the Defend Trade Secrets Act.  18 U.S.C.A § 1839(3)(defining trade secrets as "all forms and types of financial, business, scientific, technical, economic, or engineering information").

11.    Now that some of the Defendants have returned their confidential information, the need for an injunction has not been diminished.  To the contrary, it

6

affirms the concerns MSW had from the commencement of this case.  MSW now seeks to amend its complaint to add the Defend Trade Secrets Act which provides for damages, including injunctive relief for threatened misappropriation.  18 U.S.C. § 1863(b)(3)(A)(i).  Some of the Defendants have had these documents in their possession for seven weeks following their termination of employment. Hopefully, this amendment will alleviate the Court's concern over the Defendants who have acted contrary to their contracts and against federal law.  Pursuant to Rule 15 of the Federal Rules of Civil Procedure, this Court should permit MSW to amend its Complaint.

### Adding An Additional Party and A Claim

12.    One of the most common grounds for granting leave to amend is to allow a party to state an additional claim. *See* 6 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil 2d § 1473; *see also ScanSource, Inc. v. Datavision-Prologix, Inc.*, No. 04-4271, 2009 WL 973497, at *1 (E.D. Pa. Apr. 8, 2009).  Likewise, courts have permitted amendment of a complaint to add a party. *Does v. City of Trenton Dept. of Public Works*, No. 08-607, 2008 WL 11383860, at *1 (D. N.J. June 5, 2008) (allowing plaintiffs to amend verified complaint for preliminary injunction to add defendant after learning, three months after complaint filed, that their rights were subject to "new imminent threat").

7

13.    Since learning about Cobbs Allen Capital LLC and CAC Specialty, LLC's structure, actions and involvement, MSW asks to add Cobbs Allen Capital as a party and assert a claim for violation of the Defend Trade Secrets Act (18 U.S.C. § 1836 et seq.).   In the Preliminary Injunction hearing, Bruce Denson Jr. testified that CAC Specialty is a d/b/a of Cobbs Allen Capital, LLC.   It is believed that Cobbs Allen Capital is the correct and current employer of the individual Defendants.   Pursuant to Rule 15 and case law, the Court should permit the amendment.

### Amending to Conform with the Evidence

14.    During the Preliminary Injunction[1] and the telephone call on September 10th[2], the Court has expressed concerns about the changes in the Complaints over some of the facts alleged.   It is true MSW has amended its complaint to clarify or correct the facts in its Verified Complaints.   This is not improper.   No formal discovery under the Federal Rules of Procedure has begun and MSW continues to investigate the Defendants' misconduct.   *Aloe Vera of America, Inc. v. U.S.*, 233 F.R.D. 532, 534 (D. Ariz. 2005) (permitting plaintiffs to amend complaint to correct factual inaccuracy with information learned from "research, due diligence, and discovery"); *cf. In re Olympia Holding Corp.*, 186

---

[1] Following the close of testimony, this Court raised concerns with MSW's Amended Complaint, specifically paragraphs 52 and 70.
[2] The Court raised concerns about the deletion of emails and file folders, the boxes removed from MSW, and questioned the timing of Sonderman's visit to the MSW office on Sunday, July 21st.

4813-9006-5061 v.4

4813-9006-5061v5
5023063-101719 09/20/2019

B.R. 157, 159 (Bankr. M.D. Fla. 1995)(sanctioning the Chapter 7 trustee for failing to amend the complaint to correct an overstatement of damages by $140,000 when trustee learned of the error two years prior to correcting); *see also Corp. of the Presiding Bishop of the Church of Latter-Day Saints v. Assoc. Contractors, Inc.*, 877 F.2d 938, 943 (11th Cir. 1989)(opining "Rule 11 [does] not impose a continuing obligation . . . to amend [a] complaint."). *L M Restaurants v. Miller's Ale House, Inc.*, No. 5:08-CV-617, 2009 WL 10688827, at *1 (E.D. N.C. Aug. 21, 2009) (permitting amendment to verified complaint where "new circumstances require plaintiff to restate and amend its complaint and related motion for preliminary injunction"); *ScanSource, Inc. v. Datavision-Prologix, Inc.*, No. 04-4271, 2009 WL 973497, at *1 (E.D. Pa. Apr. 8, 2009) (allowing plaintiff to amend verified complaint where, "on the basis of discovery received . . . [plaintiff gained] new evidence against the existing defendants as well as evidence implicating a new defendant" . . . there was "no undue delay" in amending to add defendant where amendment filed one month after learning new information implicating defendant).

15.    MSW has made a good faith effort to investigate and has amended its complaint to correct any inaccuracies as it continues to clarify information.  Since its original filing, in less than two months, it has filed an Amended Verified Complaint and a Second Amended Verified Complaint based upon its investigations.  There certainly has not been any undue delay.

4813-9006-5061 v.4

4813-9006-5061v5
5023063-101719 09/20/2019

16.    Hopefully, this Second Amended Verified Complaint will also address the pending Motions to Dismiss.

WHEREFORE, in a good faith effort to address this Court's concerns, to add an additional party and an additional claim, to conform the pleadings to the evidence and address Defendants' Motion to Dismiss, MSW requests leave to file its Second Amended Verified Complaint attached hereto as Exhibit A.  If the Court grants the Motion, it will filed a Verified version.

Respectfully submitted,

*s/ Jenna M. Bedsole*
JENNA M. BEDSOLE
MARCUS M. MAPLES
DAISY C. KARLSON
Attorneys for Plaintiff

OF COUNSEL
BAKER DONELSON BEARMAN
 CALDWELL & BERKOWITZ, P.C.
420 20th Street North, Suite 1400
Birmingham, Alabama 35203
Tel. 205-326-0480
jbedsole@bakerdonelson.com

4813-9006-5061 v.4

4813-9006-5061v5
5023063-101719 09/20/2019

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing has been served upon the following counsel of record by Certified Mail and/or by electronically filing the foregoing with the Clerk of Court using the Ala-file electronic filing system, on this the 20th day of September, 2019.

Charles L. Bachman, Jr.
Todd E. Hatcher
Joseph D. Shelley
GREGORY, DOYLE, CALHOUN & ROGERS, LLC
49 Atlanta Street
Marietta, Georgia  30060

Michael L. Thompson
Albert L. Vreeland, II
Lance W. Parmer
LEHR MIDDLEBROOKS VREELAND & THOMPSON, P.C.
P.O. Box 11945
Birmingham, AL 35202

William M. Ojile, Jr.
ARMSTRONG TEASDALE, LLP
4643 S. Ulster Street, Suite 900
Denver, Colorado 80237

David Allen Roberts
HALL, GILLIGAN, ROBERTS & SHANLEVER LLP
3340 Peachtree Road, Suite 1900
Atlanta, GA 30326

Cobbs Allen Capital, LLC
c/o Registered Agent Solutions Inc.
2 North Jackson Street, Suite 605
Montgomery, Alabama  36104

*s/ Jenna M. Bedsole*
Of Counsel

11

4813-9006-5061 v.4

4813-9006-5061v5
5023063-101719 09/20/2019