UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| McGRIFF SEIBELS & WILLIAMS, INC., | } } } | |
| Plaintiff, | } } | |
| v. | } } | Case No.: 2:19-cv-1196-ACA |
| PAUL SPARKS, DARREN SONDERMAN, DAVID McMAHAN, JOHN TANNER, and J. GREGORY McCOLLISTER, | } } } } } } | |
| Defendants. | } | |

## MEMORANDUM OPINION AND ORDER

Plaintiff McGriff Seibels & Williams, Inc. ("MSW") alleges that Defendants Paul Sparks, Darren Sonderman, David McMahan, John Tanner, and J. Gregory McCollister breached the terms of their employment agreements with MSW by soliciting MSW clients and employees and using confidential information while planning to leave MSW and beginning work with an MSW competitor.

MSW asserts claims for breach of contract, tortious interference with business relations, breach of fiduciary duty, and conspiracy to interfere with business relations. MSW seeks a declaration that Defendants' employment agreements are valid and enforceable. MSW also asks the court to enter a

preliminary injunction, enjoining Defendants from engaging in conduct that MSW contends constitutes a breach of Defendants employment agreements with MSW and tortious interference with its business relations. (Doc. 12).

In response to MSW's motion for a preliminary injunction, Defendants urge the court defer to abstain from exercising jurisdiction and stay this case pursuant to the first-filed rule and the *Colorado River* and *Brillhart/Wilton* abstention doctrines. (Doc. 30 at 8–14). The court issues this memorandum opinion to address Defendants' abstention arguments.[1]

As explained below, the court **DENIES** Defendants' request to abstain. First, Defendants' argument concerning the first-filed rule is moot because the federal forum which exercised jurisdiction over similar actions has remanded those cases to state court. Second, Defendants have not met their burden of establishing that appropriate circumstances warrant abstention under the *Colorado River* and *Brillhart/Wilton* doctrines.

I. **RELEVANT PROCEDURAL HISTORY**

On July 19, 2019, Mr. Sparks filed a verified complaint for declaratory and injunctive relief against MSW in the Superior Court of Cobbs County Georgia. (Doc. 16 at 2-16). On July 25, 2019, Mr. Sonderman filed a verified complaint for declaratory and injunctive relief against MSW in the Superior Court of Cobbs

---

[1] The court will issue a separate memorandum opinion regarding the merits of MSW's request for a preliminary injunction.

2

County Georgia. (Doc. 16-2 at 2-20). Both Mr. Sparks's and Mr. Sonderman's state court complaints ask the court to declare that the restrictive covenants contained in their MSW employment agreements are unenforceable under Georgia law. (*See generally* Doc. 16-1; Doc. 16-2).

On July 26, 2019, MSW removed Mr. Sparks's and Mr. Sonderman's state court actions to the United States District Court for the Northern District of Georgia. (Doc. 1 in Case # 1:19-cv-3405-MHC (N.D. Ga.); Doc. 1 in Case # 1:19-cv-3406-MHC (N.D. Ga.)). Later that same day, MSW filed its original complaint in this court naming Mr. Sparks, Mr. Sonderman, Mr. Tanner, and Mr. McMahan as Defendants. (Doc. 1).

On August 2, 2019, Mr. McCollister filed a verified complaint for declaratory judgment and injunctive relief in the Superior Court of Cobb County Georgia. (Doc. 16-3 at 2–44). On August 13, 2019, MSW filed an amended verified complaint in this action, asserting the same claims for relief but adding Mr. McCollister as a Defendant. (Doc. 11). MSW also filed a motion for a temporary restraining order and preliminary injunction. (Doc. 12). The next day, the Superior Court of Cobb County held a hearing on Mr. McCollister's request for emergency injunctive relief, and this court held a hearing on MSW's request for a temporary restraining order in this action. (Doc. 15; Doc. 16-5 at 2).

On August 15, 2019, this court granted in part and denied in part MSW's request for temporary injunctive relief. (Doc. 21). The court enjoined Mr. Sparks, Mr. Sonderman, and Mr. McCollister from soliciting MSW clients or prospective clients as identified in a list that MSW counsel provided to counsel for Defendants; soliciting MSW employees; and interfering with MSW's business relationships. (Doc. 21 at 6).

One day later, the Superior Court of Cobb County Georgia issued an order granting Mr. McCollister's application for a temporary restraining order. (Doc. 22-1 at 2–18). The Georgia state court found that Mr. McCollister had demonstrated a likelihood of success on the merits of his claim because the restrictive covenants in Mr. McCollister's employment agreement are unenforceable under Georgia law. (Doc. 22-1 at 18). The Georgia state court temporarily enjoined MSW from attempting to enforce the restrictive covenants pending a hearing on Mr. McCollister's request for a preliminary injunction. (Doc. 22-1 at 18).

On August 22, 2019, the Northern District of Georgia remanded Mr. Sparks's and Mr. Sonderman's cases to the Superior Court of Cobb County Georgia. (Doc. 17 in Case # 1:19-cv-3405-MHC (N.D. Ga.)).

## III. DISCUSSION

Defendants advance two abstention arguments. First, Defendants contend that this action cannot proceed in this court because the first-filed rule requires that this case be dismissed, stayed, transferred, or consolidated with Mr. Sparks's and Mr. Sonderman's cases which had been pending in the Northern District of Georgia. Second, Defendants maintain that under the *Colorado River* and *Brillhart/Wilton* doctrines, this court should abstain from exercising its jurisdiction pending resolution of Mr. McCollister's Georgia state court action. The court address both arguments in turn.

### 1. First-Filed Rule

Defendants ask the court to defer to the earlier filed federal cases in the Northern District of Georgia. (Doc. 30 at 6–7). "Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." *Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 (11th Cir. 2005). "The first-filed rule not only determines which court may decide the merits of substantially similar cases, but also generally establishes which court may decide whether the second filed suit must be dismissed, stayed, or transferred and consolidated." *Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa.*, 713 F.3d 71, 78 (11th Cir. 2013); *see also Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d

5

403, 408 (5th Cir. 1971)[2] ("Once the likelihood of substantial overlap between the two suits ha[s] been demonstrated, it [i]s no longer up to the [second-filed] court [] to resolve the question of whether both should be allowed to proceed."). Therefore, had the court determined that there was a likelihood of substantial overlap between this action and the first-filed federal cases in Georgia, then the proper course would have been for the court to transfer this action to the Northern District of Georgia for that court to decide whether the first-filed rule applies.

Because the Northern District of Georgia has remanded Mr. Sparks's and Mr. Sonderman's cases to state court, there is no longer a first-filed federal forum to which the court can transfer this case. As a result, the court does not consider the merits of Defendants' arguments with respect to the first-filed rule. However, the court finds that Defendants' arguments that the court should abstain under *Colorado River* and *Brillhart/Wilton* pending resolution of Mr. McCollister's state court action now apply equally with respect to Mr. Sparks's and Mr. Sonderman's state court actions.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

1. Colorado River and Brillhart/Wilton Abstention

    a. *Colorado River*

"*Colorado River* analysis is applicable as a threshold matter when federal and state proceedings involve substantially the same parties and substantially the same issues." *Ambrosia Coal & Const. Co. v. Pages Morales*, 368 F.3d 1320, 1330 (11th Cir. 2004) (noting that application of the doctrine does not require *identical* parties). Generally, "as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Id.* "Thus, federal courts can abstain to avoid duplicative litigation with state courts only in 'exceptional' circumstances." *Ambrosia Coal*, 368 F.3d at 1328 (quoting *Colorado River*, 424 U.S. at 818); *see also Colorado River*, 424 U.S. at 819 ("Only the clearest of justifications will warrant dismissal" of the federal action.).

To determine whether abstention under *Colorado River* is appropriate, the court analyzes the following factors: "(1) whether one of the courts has assumed jurisdiction over property, (2) the inconvenience of the federal forum, (3) the potential for piecemeal litigation, (4) the order in which the fora obtained

jurisdiction, (5) whether state or federal law will be applied, and (6) the adequacy of the state court to protect the parties' rights." *Ambrosia Coal*, 368 F.3d at 1331.

"No one factor is necessarily determinative; a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counselling against that exercise is required." *Colorado River*, 424 U.S. at 818–19. "The weight to be given any one factor may vary greatly from case to case." *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 16 (1983). However, "the abstention inquiry must be 'heavily weighted in favor of the exercise of jurisdiction.'" *Ambrosia Coal*, 368 F.3d at 1332 (quoting *Moses H. Cone*, 460 U.S. at 16).

### i. Whether One of the Courts has Assumed Jurisdiction Over Property

This is not an action in rem. Therefore, neither the Georgia state court nor this court has assumed jurisdiction over property. Accordingly, this factor is inapplicable. *See Am. Bankers Ins. Co. of Fla. v. First State Ins. Co.*, 891 F.2d 882, 885 (11th Cir. 1990).

### ii. Inconvenience of the Federal Forum

"This factor should focus primarily on the physical proximity of the federal forum to the evidence and witnesses." *Ambrosia Coal*, 368 F.3d at 1332. Defendants argue that this factor weighs in favor of abstention because "the majority of witnesses and evidence in this case are located in the Atlanta, Georgia

8

area where Defendants and many of the witnesses reside and work." (Doc. 30 at 9-10). Defendants provide no additional information about how many witnesses, other than Defendants themselves, reside in Georgia.[3] And Defendants have not identified how much or what evidence is located in Georgia.

MSW responds that it is located in Alabama, as are MSW employees and other witnesses who will testify about the value of MSW's clients and employees who allegedly have been lost as a result of Defendants' actions. (Doc. 31 at 9). Either forum will require MSW or Defendants to travel. And residence of the parties and witnesses alone "sheds little light on the convenience of the fora" as this factor must be applied. *Ambrosia Coal*, 368 F.3d at 1333.

In the absence of specific information concerning the number of witnesses located in either forum and what evidence Defendants contend is located in Georgia, the court finds that this factor does not favor abstention. Even if Georgia might be slightly more convenient (and to be clear, the court cannot make that finding on the record before it), the inconvenience of the federal forum is not so great that this factor favors abstention. *Am. Bankers*, 891 F.2d at 885.

---

[3] The evidence from the preliminary injunction hearing demonstrates that Mr. Sparks maintains a home in Colorado as well. The record contains little to no information about how much time Mr. Sparks spends at either residence.

### iii. The Potential for Piecemeal Litigation

Defendants argue that this factor weighs heavily in favor of abstention because the Georgia state court and this court may issue conflicting judgments. At first blush, Defendants' position appears sound. Both parties are keenly aware of the possibility of inconsistent judgments should the state court and federal court actions proceed simultaneously, as they both involve the validity of Defendants' employment agreements and the potential that the two forums will apply different substantive law. (*See* Doc. 30 at 10–11; Doc. 31 at 9–10). However, the risk of inconsistent judgments alone is not enough. This factor tips the scale in favor of abstention only when "the circumstances enveloping th[e two] cases will likely lead to piecemeal litigation that is abnormally excessive or deleterious." *Ambrosia Coal*, 368 F.3d at 1333. The Eleventh Circuit has cautioned that piecemeal adjudication of contractual rights does meet this test. *See id.* (finding that district court abused its discretion in abstaining based on fear of piecemeal litigation "simply because both cases deal with the validity" of a contract). Accordingly, the court finds no abnormal risk of piecemeal litigation.

### iv. The Order in Which the Fora Obtained Jurisdiction

This factor "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." *Moses H. Cone*, 460 U.S. at 21.

There is no indication that state court actions have made substantial, if any, more progress than this case. The cases in both forums are in the early stages of litigation. Both forums have entered temporary restraining orders, but no discovery has taken place. In this case, Defendants have filed motions to dismiss. (Docs. 43, 44). The court has no information before it that substantive motions have been filed in the state court actions. Therefore, the court concludes that the relative progress of the cases does not support abstention. *See Ambrosia Coal*, 368 F.3d at 1333; *Am. Bankers*, 891 F.2d at 885-86 (this factor does not support abstention when no discovery has taken place and no substantive motions have been filed in either action).

### v. **Whether State or Federal Law Applies**

This factor considers whether state law governs the claims. The state and federal actions involve state law claims only; there is no federal issue in this case. Nevertheless, this factor does not warrant abstention because MSW's state law breach of contract and tort claims are not novel or complex. *See Noonan So., Inc. v. Volusia Cnty.*, 841 F.2d 380, 382 (11th Cir. 1988) ("[T]he claims involved in this case are simple tort and breach of contract claims. This action does not involve complex questions of state law that a state court might be best suited to resolve.").

### vi. The Adequacy of the State Court to Protect the Parties' Rights

There is no indication that the Georgia state court would not adequately protect the parties' rights, but "[t]his factor will only weigh in favor or against abstention when one of the fora is inadequate to protect a party's rights." *Ambrosia Coal*, 368 F.3d at 1334; *Noonan So.*, 841 F.2d at 383 ("The fact that both forums are adequate to protect the parties' rights merely renders this factor neutral on the question of whether the federal action should be dismissed. This factor will only weigh in favor or against dismissal when one of the forums is *inadequate* to protect a party's rights.").

Because there is no evidence before the court that either forum is inadequate to protect the parties' rights, this factor does not weigh in favor of abstention.

In sum, applying the relevant factors together, and in consideration of the court's "robust duty to exercise jurisdiction" where it exists, the court finds that *Colorado River* abstention is not appropriate under the circumstances of this case. *Ambrosia Coal*, 368 F.3d at 1331.

### b. Brillhart/Wilton

A federal district court has discretion to determine "whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282 (1995) (citing *Brillhart v. Excess Ins. Co.*, 316 U.S.

491 (1942)). Under the *Brillhart/Wilton* doctrine, district courts have "substantial latitude in deciding whether to stay or dismiss a declaratory judgment suit in light of pending state proceedings." *Id.* at 286. "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judgment." *Id.*

Defendants ask the court to defer a ruling in this case because the Eleventh Circuit has followed the Supreme Court's *Brillhart/Wilton* guidance with respect to abstention and has "cautioned against a district court exercising its jurisdiction over a declaratory judgment action when the declaratory judgment action is parallel to a state proceeding." (Doc. 30 at 14, citing *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1332 (11th Cir. 2005)). *Ameritas* is distinguishable.

In *Ameritas*, the Eleventh Circuit affirmed a district court's decision to abstain under the *Brillhart/Wilton* doctrine. The district court had before it "only an incomplete set of parties and claims" while the "state court action encompassed the entire controversy." *Ameritas*, 411 F.3d at 1331. In addition, certain parties and claims could not be joined in the federal declaratory judgement proceeding for various procedural reasons. *Id.* Finally, the district court concluded, and the Eleventh Circuit agreed, that "to allow the declaratory action to proceed would amount to the unnecessary and inappropriate 'gratuitous interference' with the

13

more encompassing and currently pending state court action." *Id.* at 1332 (alteration omitted).

Unlike *Ameritas*, this court has before it a more complete set of parties and claims. In three separate state court actions, Mr. Sparks, Mr. Sonderman, and Mr. McCollister assert only a claim for declaratory and injunctive relief against MSW. In this case, in addition to a claim for declaratory relief, MSW asserts breach of contract and tort claims against those three individuals and two other Defendants.[4] Because the state court cannot resolve all of the same state law issues presented in this action, the court finds no risk of "gratuitous interference" with a "more encompassing" state court action. *Ameritas*, 411 F.3d at 1331 (quotation marks and alteration omitted). Therefore, the court will not abstain from hearing this action under the *Brillhart/Wilton* doctrine.

## III. CONCLUSION

For the reasons stated above, the court **DENIES** Defendants' request to abstain from exercising jurisdiction over this action.

---

[4] MSW argues that this fact alone makes *Brillhart/Wilton* inapplicable. (Doc. 31 at 15). The parties have not cited, and the court has not located, Eleventh Circuit precedent addressing the issue. The court understands that other federal courts are split on this question and apply various tests to determine whether *Brillhart/Wilton* applies when the federal case contains claims other than a declaratory judgment claim. *See Lexington Ins. Co. v. Rolison*, 434 F. Supp. 2d 1228, 1236-37 (S.D. Ala. 2006). In the absence of binding authority on point, the court makes no explicit finding in this regard because even if *Brillhart/Wilton* applies to the procedural posture of this case, application of the abstention principle does not compel deference to the Georgia state court actions.

**DONE** and **ORDERED** this September 23, 2019.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE